**FERGUSON et, Plaintiffs-Appellants, v. COLUMBUS (City) et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5156.   Decided November 30, 1954.

279

Owen B. Sherwood, Columbus, W. B. McLeskey and C. W. McLesky, Columbus, for plaintiffs-appellants.

Chalmers P. Wylie, City Attorney, J. Russell Leach, Senior Assistant City Attorney, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining a motion of the defendant, The City of Columbus, for judgment on the pleadings, and dissolving a temporary restraining order.

The pleadings were a petition and an amended joint answer. The petition sought a temporary restraining order and permanent injunction to prevent the city from seizing and destroying certain pinball games in possession and use of merchants in the City of Columbus, so long as the pin games described in the petition are played for the purpose of amusement only, and not played in any manner in violation of such of the provisions of the ordinances set out in the petition which plaintiffs concede to be

280

valid. A temporary restraining order was allowed by one branch of the Common Pleas Court, as follows:

"The court orders, adjudges and decrees that a temporary restraining order against the defendants be and the same is hereby allowed, as prayed for in the petition, so long as the pin games described in the petition are played for the purpose of amusement only, and so long as the players thereof do not win or receive, directly or indirectly, any merchandise, cash, checks, tokens, freeplays or anything of value as a prize or reward for playing any of said pin games. In the event that any of said pin games are played as gambling devices, i. e., in the event that any merchandise, cash, tokens, checks, freeplays or anything of value is won or received, directly or indirectly, by the player as a prize or reward for playing any of said pin games described in the petition, or played as gambling devices in any way, the defendants shall be permitted to seize them whenever they are so played and to destroy them in accordance with law."

We analyze the pleadings to determine if they present an issue on any material averment of the petition which, if resolved in favor of the plaintiffs would entitle them to any of the relief prayed.

(1) The petition alleges the corporate and official capacities of defendants and that the officer defendants are charged with the enforcement of the ordinances set out, viz.: Nos. 156-53 and 157-53 of the Ordinances of the City of Columbus, Ohio; that plaintiffs own and operate 540 amusement games known as pin games of the value of one hundred ninety-nine thousand dollars; that they are operated by merchants in the City of Columbus under contract with the plaintiffs, both parties sharing the profit. All of the foregoing is admitted by the answer.

(2) Plaintiffs further aver that under and by virtue of the above-mentioned ordinances, the defendant officers threatened to seize the games, to confiscate them and to arrest and imprison the merchants with whom said plaintiffs have contracts. The answer admits that the defendant officers are threatening to seize the games by plaintiffs but by their general denial deny that they are threatening to confiscate the games or to arrest and imprison the merchants with whom plaintiffs have contracts.

(3) The method of operation and play and the mechanical construction of the pin games is set out in detail. This is admitted by the answer.

(4) It is further averred that no merchandise, checks, tokens, or any other objects are released by said game; that there is no return or freeplays; that each players receives identically the same number of balls from each machine for each five cents inserted therein; that the player endeavors to make as high a score as possible and that the play is for amusement only; that said games do not tend to encourage gambling and are not gambling devices within the meaning of said ordinances. All of the foregoing under (4) is denied.

(5) The petition further avers that the ordinances are unconstitutional in that they, 1. Authorize seizure and confiscation of games without proof of their use for gambling purposes; 2. They impair the obligation of contract; 3 They take owner's property without due process of law; 4. Are so vague, indefinite and uncertain as to constitute a denial of due process of law; 5. Deny the owners equal protection of the law; 6. Constitute an unreasonable exercise of "Police Power"; attempt to delegate judicial and/or legislative power. All of the foregoing under (5) is denied.

(6) The petition further avers that the ordinances described in the petition amended former ordinances which permitted the licensing and registration of the games owned and operated by plaintiffs. This is admitted.

There are certain controlling legal principles which we briefly state as preliminary to consideration and determination of this appeal.

A motion for judgment on the pleadings should be overruled if the pleadings disclose an issuable fact, or a direct issue, joined upon a single material proposition which would require the introduction of testimony. If the averments of the petition are sufficient to stand against a general demurrer. judgment on the pleadings may not be granted. The motion presents only a question of law. Before the motion may be sustained it must be held, as a matter of law, that the plaintiff has stated no cause of action. **Meyer v. Daniel, 147 Oh St 27; Vest v. Kramer, 158 Oh St 76; Zepp v. City of Columbus, 50 Abs. 47.** The. court should exercise great caution in sustaining a motion for judgment on the pleadings. **Ellis v. Electric Products, Inc., 85 Oh Ap 170.** The court is required to construe the pleadings liberally in favor of the party against whom the motion is made. If the petition states no cause of action supporting any relief prayed, the judgment must be affirmed. If the petition states a cause of action and the answer denies any material averment of the petition an issue is drawn which must be resolved upon testimony adduced.

The ordinances involved are lengthy and we shall not undertake to set them out in their entirety, making reference only to those sections which, though numerous and lengthy, it is necessary that we consider to determine the questions presented.

We first give attention to the penalty and confiscation provisions of the sections of the ordinances. Plaintiffs aver that the defendants are threatening to seize the games, to confiscate them. to arrest and imprison the merchants with whom the plaintiffs have contracts. The defendant officers admit only a purpose to seize the games but deny the other averments.

It is our conclusion that the ordinances given full force and effect, if the averments of the petition are proven, do not authorize, nor purport to empower, the defendant officers with the right to confiscate the machines, or to arrest and imprison the merchants with whom plaintiffs have contracts.

It is not contended by defendants that the machines are gambling devices per se, nor will the averments of the petition permit the conclusion that they are now or have been used as gambling devices or played for gain. Although both ordinances contain sections, which we hereinafter discuss, carrying controversial language that, in the main, has provoked this suit neither the penalty nor the confiscation sections of the ordinances incorporate or make a basis for punishment of the merchants or destruction of the machines, the provisions of the ordinances concerning which the principal issues are raised. We shall attempt to demonstrate this.

Section 35.60 of Ordinance No. 156-53, authorizes seizure and destruction of any machines, etc., pursuant to the provisions of 29.39, Chapter 29 of the 1952 Code of Columbus, if the machine

"tends to encourage gambling **and** may be used in a manner violative of the Code of the City of Columbus, Ohio, 1952, Chapter 29, Sections 29.38 29.38-1, 29.40, 29.42, 29.42-1 and 29.42-2, as they now are, or may hereafter be amended."

The provisions of Section 29.39, Chapter 29, of the 1952 Code of Columbus authorize destruction only upon adjudication "by the Courts" that such machines were used for the purpose of gambling. Nor does this section, as amended, empower defendants to seize or destroy the machines, if plaintiffs maintain the averments of their petition. It is a prerequisite of this section, to authorize the seizure or **destruction** of the machines, that they "be used for the purpose of gambling, or on, by, or with which money or any other thing or article of value may be won or lost." That is to say, that the machines must be per se gambling devices or used for gambling before they can be destroyed. This authorization is as broad but no broader than the law authorizing the seizure and destruction of contraband articles. The section further provides that a machine shall not be demolished or destroyed except upon direction of the Mayor or the Director of Public Safety, "upon it being adjudged by the courts that such machines, devices or instruments were used, kept or intended for the purpose of gambling". Clearly a valid enactment.

The fine and sentence provisions are all found in Ordinance No. 157-53. The first is Section 29.38-1:

"Whoever in the city permits any game whatsoever to be played for gain upon or by means of any machine, device or instrument, of whatever denomination or name, upon the premises of which he has the care or possession shall be fined", etc.

Upon the petition the merchant operators could not be convicted under this section of the ordinance because it is averred that the machines are not played for gain.

The next penal section is 29.42 of Ordinance No. 157-53:

"Any person who shall within the city * * * * * have in his possession for any commercial use, financial gain, or compensation, any coin or token operated gambling device; shall be guilty of a misdemeanor and upon conviction thereof shall be fined, etc. * * * * * For the purpose of this section, 'gambling device' shall mean and include any device having an automatic pay-off or an automatic free-play mechanism or any device easily convertible to automatic pay-off or free-play by slight changes, in, or addition to the mechanical structure, or any coin or token operated device actually used for gambling purposes, any of which in the operation of such device the player stands a chance to gain an award or property of greater value than the consideration paid."

The amended petition will not permit of the conclusion that the machines there described in detail are included in the foregoing definition of a "gambling device", and the section does not authorize the arrest of the merchant operators of the machines.

The next penalty section is 29.42-1:

"Whoever keeps or exhibits for gain a coin-in-slot machine or device, where the merchandise, property or checks obtained by play or operating such machine or device is not for each operation thereof substantially equal in value or where the number of units of property or checks is not, for each operation, equal in number and value, shall be fined", etc.

This section also makes it an essential to conviction that the machine be kept or exhibited for gain and the other conditions of the section must apply. They are not found or inferable from the petition.

Neither Section 29.38-1, Section 29.42, Section 29.42-1 of Ordinance No.

157-53, nor Section 25.30 of Ordinance No. 156-53 authorizes the arrest of the merchants with whom defendants have contracted, or the confiscation of any of the machines involved, if the averments of the petition are proven.

The next Section, 29.42-2:

"Whoever exhibits, operates or permits the operation of any machine, device or instrument whether or not it purports to vend or distribute the merchandise or to furnish recreation or amusement, which is caused to operate by the insertion of any token, slug or disc, or exhibits or operates, or permits the operation of any machine, device or instrument which is caused to operate by the insertion of any coin, whether such device, machine or instrument purports to vend or distribute merchandise or to furnish recreation or amusement, which as a result of such operation discharges one or more coins, tokens, slugs, or discs or other memorandum, **or which registers odds or a score of the result of operation which makes it possible for one user to receive more value than another user inserting a similar coin** shall be guilty of a misdemeanor and upon conviction thereof shall be fined," etc.

(Emphasis ours)

It will be noted that this section does not specifically authorize the seizure, confiscation or destruction of the machines. It is a penal section providing for fine and imprisonment for violation. Of course, if the operators were convicted for its violation the machines could then be confiscated.

It may also be observed that if Section 35.30 of Ordinance No. 156-53, seizure and confiscation, be given full meaning, it is necessary to its violation that it be proven not only that the operation of the machine tends to encourage gambling but also that it offends against the provisions of one or more of the sections to which reference is therein made. But Section 29.42-2 penal only is in the alternative. That is to say the proof is sufficient if it appear either that the operation of the machine tends to encourage gambling or that any of the other specific terms of the section are violated.

If the plaintiffs can maintain the averments of their petition the merchant operators may not be successfully prosecuted under Section 29.42-2 of Ordinance No. 157-53. There is an issue in the pleadings as to the violation of any of the provisions of this section of the ordinance. The petition avers categorically that the operation of plaintiffs' machines does not come within any of the inhibitions of the section. It must also be noted that the language of Section 29.42-2 hereafter discussed relating to the registration of a score etc. is different from that employed in Section 29.38 the nuisance section which reads: "Or which registers odds or a score", without further qualification.

There is no issue on the question whether or not the machines register a score. This is asserted and admitted. However the petition does not admit, nor is it averred by the defendants, that the registration of a score makes it possible for one user to receive more value than another user inserting a similar coin.

As it is alleged that the defendants are threatening not only to seize but to confiscate the machines and to arrest the operators of them, the petition alleging that they have no authority to confiscate and stating facts which, if true, support their contention, the court to which this case was presented, in the light of the other averments of the petition as to the

destruction of property and multiplicity of suits, should have exercised its discretion to determine whether or not any injunctive relief should have been accorded plaintiffs in the respect of arrest of the operators and the confiscation of the machines.

The materiality of the issue as to the right of defendant officers to seize the machines under the only other applicable Section, 29.38 of Ordinance No. 157-53, presents a more serious question. We have heretofore stated that there is no provision in Ordinance 156-53 which will support a seizure against the averments of the petition.

Section 29.38 provides:

"It is hereby declared prejudicial to the public good, detrimental to the public morals and a nuisance, for any person to exhibit for the purpose of operating or to permit the operation of any machine, device or instrument in the City of Columbus, Ohio, of whatever kind or description, or by whatever name known or commonly referred to which **tends to encourage gambling, or which registers odds or a score,** or which is adapted, or may readily be converted into such machine, device or instrument that is adapted, for use in a manner violative of Sections 29.38-1, 29.40, 29.42, 29.42-1, and 29.42-2 of this chapter, and every machine so exhibited or permitted to be operated shall be subject to seizure, **by any police officer of the city,** and no such machine, device or instrument so seized by any police officer of the city, whether under the authority of this section or Section 29.39 or otherwise, shall be returned to the owner or person claiming the same except pursuant to an order of a court of competent jurisdiction."

(Emphasis ours)

This section permits the seizure of the machines if they register odds or a score without the qualifying language which is carried into the penalty section of Section 29.42-2. It also authorizes the seizure of the machines if their operation "tends to encourage gambling", another provision that is not carried into the other penalty provisions of the ordinances. The section further authorizes any police officer to make the seizure, that is to say. if a police officer determines that the machines "tend to encourage gambling" he may seize them. This section of the ordinance not only sets out the essential requisites upon which seizure may be made, but incorporates the other sections of the ordinance and provides that if the machines come within any specific characterization of the section or are violative of any other named sections of the ordinances, they may be seized. We have heretofore referred to Section 29.38-1, Section 29.39, Section 29.42-1, and Section 29.42-2.

Section 29.38, especially as to some of its controverted terms raises the question whether the city has exceeded its police power in its enactment. Here it is admitted that the machines register a score and that is the. only admission that the machines in their operation offend against any of the essentials of the penal provision of the ordinances. Plaintiffs deny specifically that their machines tend to encourage gambling. Inasmuch as the section makes a machine the operation of which tends to encourage gambling subject to the ordinance, it is evident that this may be found independent of the other elements set out in the section which characterize the operation of the machines as a nuisance.

The provision for seizure, of Section 29.38 of the ordinance under consideration, is invoked upon the declaration that operations such as are therein defined constitute a nuisance which may be abated. The city has

wide police power in defining and declaring what shall constitute a nuisance. Insofar as the section authorizes seizure of machines that are gambling devices, per se, or operate in a manner described which is recognized as gambling there is no doubt as to its validity, but

"The mere declaration in an ordinance that it is enacted to protect public safety, health or morals will not render it valid as being within the police power unless there is some reasonable relation between such purpose and the regulations prescribed." **Youngstown v. Kahn Bros. Bdgs. Co., 112 Oh St 654.**

In **Williams v. Sandles, 93 Oh St 92,** it was held:

"It is competent for a lawmaking body to authorize the summary seizure of property incapable of any except illegal use. The police authority of the state may be properly invested with power and authority to seize such instruments and devices as are designed and intended for use in the commission of crime." **8 O. Jur. 450, 451.**

"A municipality cannot arbitrarily by ordinance declare property to be a nuisance and destroy it unless it is, in fact, a nuisance." **8 O. Jur. 452;** Deming v. Cleveland, 22 O. C. C. 1; Borger v. State, 1 O. C. C. N. S. 549, affd. without opinion, **70 Oh St 508;** Grundstein v. Ashland, 25 O. N. P. N. S. 493.

"And whether a nuisance exists is a question of fact frequently to be determined from the evidence." **8 O. Jur. 452; Bliss v. Krous, 16 Oh St 54.**

In **Grieb v. Dept. of Liquor Control, 153 Oh St 77,** it is said that:

"While the legislature may authorize the summary confiscation of property incapable of lawful use or of nuisances per se, if property which is innocent in its ordinary and proper use has been used for unlawful purposes, it is beyond the power of the legislature to order its summary forfeiture to the state as a penalty or punishment for such use without giving its owner an opportunity for a hearing."

The principle of the Grieb case is recognized in the provision in the ordinance wherein confiscation and destruction are authorized.

The Legislature can prohibit only those uses of property which are hurtful to the public, and the inhibited use must be hurtful in a legal sense. **State, ex rel. Monnett, v. Buckeye Pipeline Co., 61 Oh St 520.**

We do not hold that the ordinance is invalid because it characterizes as a nuisance the operation of a machine, therein described, "which tends to encourage gambling". It is the method of making determination of this essential of a nuisance as a basis of a seizure of the machine which we cannot support.

There is no authority in the statutory law for the seizure of the machines here under consideration upon the averments of the petition, other than as incident to conviction. Sec. 2915.15 R. C. (§13066 GC), §2915.16 R. C. (§13066-1 GC), §2915.17 R. C. (§13066-2 GC). It follows that the right of the defendant officers to seize the machines, if it exists, must be grounded upon the authority of the ordinance.

It is not necessary to decide the issues of the constitutionality of the ordinances except insofar as is required to determine if upon any theory the sustaining of the motion for judgment on the pleadings was proper. **Village of Strongville v. McPhee 142 Oh St 534; American Cancer Society, Inc., v. Dayton, 160 Oh St 114.** Even with this limitation we are required to pass upon the provision of the section of the ordinance under consider-

ation, that the registration of a score by the machine constitutes its operation as a nuisance and authorizing seizure if its operation tends to encourage gambling.

We are committed to the opinion that to grant to police officers, or the City Auditor, as in Section 35.33, Ordinance No. 156-33 the power of determining that the operation of the machine here involved "tends to encourage gambling" is too broad and is a judicial power which cannot be delegated to enforcing or licensing officials. Likewise, that in the operation of a machine the mere registration of a score may not be declared to be an element of gambling. State, ex rel. Dana v. Gerber, 79 Oh Ap 1; Stanto v. Tax Commission, et, 114 Oh St 658, 673. We recognize that this was a civil action but the principles announced have application here. The mere possession of articles which are not gambling devices per se or which are not used for gambling and which the possessor has no intention of using for or in connection with gambling purposes may not be seized.

We consider some Ohio cases pertinent to the question of what constitutes gambling or gambling devices. There are two Ohio cases in which one of the parties is named Krauss. The first, State v. Krauss, 114 Oh St 342; the second, Krauss v. City of Cleveland, et, 135 Oh St 43. As we read them they both had under consideration what was known as the "Morris" Slot Machine.

In the first case, Krauss had been arrested in a Justice of the Peace Court of a township in Hamilton County on a charge that he unlawfully kept and exhibited for gain a certain gambling device, commonly known as as a slot machine, in violation of §13066 GC. It appeared that the machine was operated with 5 cent coins and ejected candy mints and coupons. It also had a sign on it, "Operating this machine with anything but a U.S. 5 cent coin or making two or more consecutive purchases herein positively prohibited". The testimony was that the prosecuting witness had played the machine three consecutive times, that he received mints on each play, and that in addition on the second play he received checks. These checks were not presented for redemption in merchandise. The defendant was convicted. The Common Pleas and Appellate Courts reversed the judgment and the Supreme Court in a per curiam supported the reversal, saying that until it appeared that the machine was consecutively played, "or some other manner of play, as result of which premiums, checks, or coupons are received, which secure to the player something for nothing, as a result of his play, we fail to see how there can be a violation of the statute."

The second case was a taxpayer's suit seeking to declare an ordinance of the City of Cleveland invalid because it authorized licensing of gambling devices per se. The trial court granted the injunction. The Court of Appeals reversed. The case was certified to the Supreme Court and in a per curiam the court reversed the judgment of the Court of Appeals. This case, in our judgment, clearly overruled the pronouncement in the former Krauss case but it was not mentioned in the latter opinion. While the former Krauss case was the law this court followed it. Later, we followed the pronouncement of the second Krauss case.

It is vital to determine just what the second Krauss case held respecting amusement as a thing of value. It clearly appeared that the machines under consideration returned tokens as a matter of chance upon certain plays. The court, speaking at page 46, says:

"However, for a game to constitute gambling, it must be one which is played for gain of money or a thing of value as the prize or reward."

"Amusement is a thing of value. Were it not so, it would not be commercialized. The less amusement one receives, the less value he receives, and the more amusement, the more value he receives."

The amusement which the court held to be violative of the applicable statutes is clearly set out at the bottom of page 46 and the top of page 47 of the opinion:

"The minimum amount of amusement offered in each play is that which is offered without any return of tokens. **Whatever amusement is offered through the return of tokens is added amusement which a player has an uncertain chance of receiving. This added amount of amusement, the procurement of which is dependent upon chance, is a thing of value.**" (Emphasis ours)

The petition here avers that the machine ejects no tokens or other memorandum and that it can be played for amusement only. There is no added amount of amusement which is the thing of value constituting the prize or reward essential to gambling.

The case of People v. Gravenhorst, 32 N. Y. Supp. (2d) 760, cited by appellee, quotes in part from the second Krauss opinion. This case in which the opinion is well written and extensive, resulting in the pronouncement of twenty-four headnotes, treats of a coin operated pin ball game. However, it is evident that the machine there under consideration was different in many material particulars from the machine described in the petition here. The court stated the question presented, "as to whether or not, from the facts adduced at the trial this court may properly infer that this machine is suited or fit for such illegal use as was contemplated by the statutes". It appeared that in small print on certain plays the panel on the machine became illuminated and the word "WINNER" appeared. That there were two ways in which the machine could be played and upon the second type the player would be declared a winner if he made prior correct selection of points that the machine would register. It further appeared that there was a slot in the machine that indicated the number of nickels the storekeeper paid to the winner and it was developed that such payments were regularly made to winners. The court held that although slugs or tokens were not actually ejected, the machine by its other notations performed all the functions of such slugs or tokens. It also is stated that by means of insertion of plugs into the back of the machine it could be changed in its operation and made to show less winners and therefore return fewer nickels to the player. The court held that the only conclusion to be reached where the small numerals, the register and the 10 plugs are considered together, is that they form an intricate method or system by which the machine is adapted for use as a gambling device. Of course, there are many other observations in the opinion, some of which tend to support the position of appellees, but the question decided is that which we have indicated and the facts well support the judgment there entered.

The latest case and one worthy of careful consideration because the opinion was written by Judge Bell, formerly a member of our Supreme Court, is, **In re Westerhaus Co., Inc., v. City of Cincinnati**, appended to appellants' brief, and also reported in **68 Abs 293**. There were three questions presented in this case, the first, whether the machines in question, pinball machines there considered, constituted gambling devices. Second, the

constitutionality of an ordinance of the City of Cincinnati authorizing the seizure and destruction of pinball machines. Third, the right of the City Treasurer to refuse a license based upon violataion of the provisions of the ordinance, covering the operation of pinball machines without judicial determination as to such violation. The principal question was whether or not free-play of the machines constituted them as gambling devices per se. It was contended that the devices involved were gambling devices per se. A machine was in evidence and it was played and the operation thereof carefully considered. The court held that the play was not a game of chance but controlled by the skill of the player. This conclusion, of course, cannot be accepted without proof in this case. As we read the petition it does not aver that the machines here are operated by the skill of the player. It also appeared in the cited case that when the game was completed, if the player scores a sufficient number of points he may play one or more games without the insertion of additional coins. That operation is not in this case. Notwithstanding the free-play aspect of the machines, the court held that they were not gambling devices and granted the injunction. Judge Bell also cites, discusses and differentiates the case of **Zellas v. Matowitz, 22 O. O. 261,** and held that it had been overruled by **Bradford v. Calhoun, 72 Oh Ap 333.**

The judgment in Zellas v. Matowitz was based upon the premise of the immediate adaptability of the machine under consideration for gambling purposes. The principle is not involved in this case by the pleadings, although it might develop upon proof and become material as to the right of plaintiffs to any injunctive relief.

We have held in **Columbus Legal Amusement Association v. Columbus. 50 Abs 354, that,**

"The seizure and destruction of amusement devices, operated by coins or slugs, which may be readily converted into gambling devices, summarily and without process of judicial proceedings does not deprive any one affected thereby of the benefits of due process of law under either the Federal or State Constitution."

We based our conclusion in part upon the 13th syllabus of People v. One Pin Ball Machine (Ill.), 44 N. E. (2d) 950:

"The right exists, summarily, and without process of judicial proceedings, to seize and destroy contraband articles and to seize articles not inherently illegal when illegally employed."

It has been an onerous task to digest the ordinances involved but upon the pleadings nothing else would have answered the determinative errors assigned. We respectfully suggest that the ordinances could well be redrafted, simplified and shortened without affecting their central purpose and to the advantage of the City and any one affected.

Issues are made by the pleadings as to the right of defendant officers to seize the machines described in the petition, to confiscate them, or to arrest the merchant operators and as to their threats so to do which required the taking of testimony before the issues could be resolved for or against either party. The court erred in sustaining the motion for judgment on the pleadings and in dissolving the temporary injunction.

Judgment reversed and cause remanded.

WISEMAN PJ, MILLER and HORNBECK JJ, concur.