COOK, APPELLANT, *v.* LAMMERS BARREL CORP., APPELLEE.

(No. 2611—Decided April 15, 1961.)

*Messrs. Koogler, Bacher & McDonnell,* for appellant.
*Messrs. Harshman, Young, Colvin & Alexander,* for appellee.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County.

On October 15, 1959, the plaintiff Velma S. Cook, filed a petition in the Court of Common Pleas, the pertinent allegations of which are as follows:

"The plaintiff says that on December 16, 1957, at about the hour of 6:30 p. m., she was driving a 1957 Mercury automobile westwardly on U. S. route 35, in Greene County, Ohio.

"The plaintiff further says that when this vehicle, which she was driving, had reached a point on said route approximately two miles west of the corporation line of the city of Xenia, Ohio, and was driving in the south lane of the westbound pavement of route 35, it collided with the truck of the defendant, Lammers Barrel Corp., which was being operated

within the scope of his employment by Orvin Campbell, the employee of the defendant; that the truck was disabled and stopped upon said highway without lights, flares, electric red lanterns, burning fusees or other signs to give warning of its presence.

"The plaintiff says that said collision was the direct and proximate result of the defendant's negligence in stopping its truck on the traveled portion of the highway and in failing to give warning of its presence by the use of lights, flares, lanterns, fusees, or other means."

On January 13, 1960, the defendant, Lammers Barrel Corporation, moved for judgment on the plaintiff's petition, urging that the facts alleged therein show, as a matter of law, that the plaintiff was guilty of contributory negligence for violating Section 4511.21, Revised Code, which provides in part as follows:

"* * * no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Thereafter, the motion was sustained and judgment was rendered in favor of the defendant. The only question arising on appeal is whether the trial court erred in sustaining the defendant's motion for judgment on the pleadings.

A motion for judgment on the pleadings, filed under the authority of Section 2323.18, Revised Code, presents a question of law, and, in such a situation, the court may look only to the pleadings in determining the motion. *State, ex rel. Barcroft,* v. *Stover,* 106 Ohio App., 513; 43 Ohio Jurisprudence (2d), 278, Section 264.

If the allegations of a pleading suggest a reasonable inference that the plaintiff himself was negligent or at fault, it then becomes necessary for him in his pleading to negate such inference. *Street Rd. Co.* v. *Nolthenius,* 40 Ohio St., 376; *Wabash Rd. Co.* v. *Skiles,* 64 Ohio St., 458. The same rule was applied by the Supreme Court in the case of *Myers, Admr.,* v. *Norfolk & Western Ry. Co.,* 122 Ohio St., 557, and by this court in the case of *Jacques, Admx.,* v. *Dayton Power & Light Co.,* 80 Ohio App., 258.

In the application of this rule, however, the court is re-

quired to construe the pleadings liberally in favor of the party against whom a motion for judgment on the pleadings is made. *Ferguson* v. *Columbus*, 70 Ohio Law Abs., 277; *Jacques, Admx., v. Dayton Power & Light Co., supra.*

With these governing principles in mind, we have examined the petition to find therein that the plaintiff merely says, in essence, that she collided with an unlighted truck which was disabled and stopped on the traveled portion of the highway. The allegations thereof give rise to a reasonable inference that the assured-clear-distance-ahead statute was violated, and a violation of such statute constitutes negligence per se. 6 Ohio Jurisprudence (2d), 479, Section 243.

The allegation that the collision occurred "at about the hour of 6:30 p. m." will not serve to dispel the inference of contributory negligence because the assured-clear-distance-ahead statute is not restricted in operation to the daylight hours. And we find no other issuable facts alleged which might exonerate the plaintiff and negate the inference of contributory negligence.

A motion for judgment on the pleadings is in the nature of a general demurrer. 43 Ohio Jurisprudence (2d), 272, Section 259. This being so, your attention is directed to the case of *Bickel* v. *American Can Co.*, 154 Ohio St., 380, where the Supreme Court, in reversing the judgment of the Court of Appeals, approved of the trial court's action in sustaining a demurrer to a petition alleging facts more favorable to the pleader than the facts alleged by the plaintiff in the instant case. For the purpose of comparison, see, also, *Becker* v. *Dayton Power & Light Co.*, 56 Ohio App., 140.

In our opinion, the assignment of error is not well made, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.