DECISION AND JUDGMENT ENTRY
{¶ 1} Bobbie S. Duffy appeals the Ross County Common Pleas Court's judgment in favor of the Nourse Family of Dealerships-Chillicothe, Inc. ("Nourse") on its motion for summary judgment. Duffy contends that the trial court abused its discretion and acted outside the scope of its discretion when it granted Nourse's motion for an extension of time in which to file a motion for summary judgment. Because Duffy did not oppose the motion for an extension of time and suffered no prejudice as a result of the court granting the motion, we disagree. Duffy also asserts that the trial court erred in granting Nourse's motion for summary judgment without first providing her with sufficient notice of the hearing date or the deadline for filing a responsive memorandum. Because we find that a local rule provided Duffy with sufficient notice of the deadlines for submission of summary judgment materials, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Nourse hired Duffy as an accounting clerk in 1993. Six years later, the Chillicothe Municipal Court hired Duffy as a deputy clerk. Duffy maintained her employment with Nourse during her employment with the municipal court.
 {¶ 3} Duffy and a supervisor at Nourse became involved in a romantic relationship. After this personal relationship ended, Nourse terminated Duffy. Nourse later rehired Duffy under the threat of litigation.
 {¶ 4} Several months later, Nourse learned that the Ross County Grand Jury had indicted Duffy on nineteen felony counts of theft in office and nineteen felony counts of computer tampering associated with her employment as a deputy clerk. Nourse again terminated Duffy. Following her termination, Duffy filed a complaint against Nourse alleging causes of action for disparate treatment, retaliatory discharge, and breach of contract.
 {¶ 5} On November 23, 2004, the trial court entered a pretrial order requiring the parties to file any dispositive motions by March 1, 2005. The next item contained in the record is Nourse's March 2, 2005 motion for an extension of time in which to file a dispositive motion. As grounds for the motion, Nourse simply stated "that additional time is needed to complete Defendant's Motion of Summary Judgment and supporting memorandum." Duffy did not oppose the motion.
 {¶ 6} On March 10, 2005, the trial court issued an entry which states in its entirety: "Upon motion of Defendant, and the court being fully informed, the deadline for the parties to file their dispositive motions is hereby extended to March 21, 2005." This is the final scheduling order contained in the record. Nourse filed its motion for summary judgment on March 21, 2005. Duffy did not file a response. On April 25, 2005, the trial court granted Nourse's motion for summary judgment.
 {¶ 7} Duffy filed a motion for reconsideration and asked the court to vacate its entry on the grounds that the court failed to provide her with notice of the non-oral hearing date on Nourse's motion. While the motion was pending, Duffy filed her notice of appeal. A few days later, the trial court filed its entry denying Duffy's motion for reconsideration.[1]
 {¶ 8} Duffy assigns the following errors for our review: "I. The trial court's grant of defendant's motion for extension of time in which to file a motion for summary judgment was in violation of Rule 6(B) of the Ohio Rules of Civil Procedure and constituted an abuse of discretion. II. The trial court erred in granting the defendant/appellee's motion for summary judgment without first providing sufficient notice of the hearing date or submission deadline. This failure deprived the plaintiff/appellant of due process of law."
 II. {¶ 9} In her first assignment of error, Duffy contends that the trial court abused its discretion when it granted Nourse's motion to extend the deadline for filing dispositive motions. In particular, Duffy argues that Nourse's motion for an extension of time, filed after the court prescribed deadline, failed to contain an affidavit showing "excusable neglect" as required by Civ.R. 6(B)(2).
 {¶ 10} Civ.R. 6(B) provides: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." A Civ.R. 6(B)(2) motion "is addressed to the sound discretion of the trial court and will not be disturbed upon appeal absent a showing of abuse of discretion."Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271, citing Miller v. Lint (1980), 62 Ohio St.2d 209, 214;Evans v. Chapman (1986), 28 Ohio St.3d 132, 135. See, also,State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.
(1995), 72 Ohio St.3d 464, 465. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is clearly and palpably unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219; Lindenschmidt at 465.
 {¶ 11} In order for the court to properly grant a motion for an extension of time pursuant to Civ.R. 6(B)(2), it must appear from the record that the successfully moving party made a showing of excusable neglect sufficient to support the trial court's finding to that effect. Miller at 214. "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." Lindenschmidt at 466. The determination of whether neglect was excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful that cases should be decided on their merits where possible, rather than on procedural grounds. Id. at 466. Indicators of whether neglect was excusable in a particular instance include whether the opposing party was prejudiced by the delay, the relative length of the delay, and whether the opposing party filed its own materials in a timely manner. Quill v. R.A.Investment Corp. (1997), 124 Ohio App.3d 653, 664. See, also,Howland v. Lyons, Cuyahoga App. No. 77870, 2002-Ohio-982 (holding that "a trial court does not necessarily abuse its discretion when it permits a tardy filing even if a party has not provided an explicit reason for the delay unless the other party is prejudiced by the delay.")
 {¶ 12} Here, the trial court resolved the dispute on the merits, not on procedural grounds. Duffy has not identified any prejudice she suffered as a result of the trial court granting Nourse's motion for an extension of time. Nourse filed the motion only one day after the expiration of the court imposed time period. While the record contains no affidavit or other filing from Nourse providing an explicit reason for the delay, the trial court stated in its judgment entry that it was "fully informed." More importantly, Duffy never objected to Nourse's motion for an extension of time. Because an appellate court will not consider any error that a party could have called to the trial court's attention for correction but did not, Duffy's failure to object to Nourse's motion for an extension of time waives the error alleged. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121; see, also, Saferin v. Malrite Communications Group, Inc. (Mar. 24, 2000), Lucas App. No. L-99-1193 (finding waiver of Civ.R. 6(B) timeliness issue based upon failure to object); Garvic v.McClure (Dec. 15, 2000), Montgomery App. No. 18456 (same).
 {¶ 13} For the foregoing reasons, we overrule Duffy's first assignment of error.
 III. {¶ 14} In her second assignment of error, Duffy asserts that the trial court erred by granting Nourse's motion for summary judgment without first providing sufficient notice of the hearing date or submission deadline. Nourse contends that the Ross County local rules provided Duffy with sufficient notice of the submission deadlines.
 {¶ 15} Civ.R. 56 sets forth the general procedure through which summary judgment motions are considered, while case law and local rules may delineate additional procedures. Hooten v. SafeAuto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, at ¶ 13. In particular, Civ.R. 56(C) permits a party to move for summary judgment "at least fourteen days before the time fixed for hearing[,]" and permits the nonmoving party to file opposing materials "prior to the day of hearing." The Ohio Supreme Court has held that Ohio law "requires, as a matter of due process, that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion or of the date on which the motion is deemed submitted for decision." Hooten at ¶ 17. Civ.R. 56's procedural requirements are designed to ensure that summary judgment is granted only after all parties have had a fair opportunity to be heard. Id. at ¶ 34, citing Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraphs one and two of the syllabus.
 {¶ 16} "A trial court's better practice is to schedule an explicit cutoff date for submission of materials on the motion for summary judgment and to set a date for any hearing." Hooten
at ¶ 35. However, if a local rule of court provides sufficient notice of the hearing date or submission deadlines, a trial court is not required to provide the parties with explicit notice of the date on which a motion for summary judgment is to be considered or the deadline for submitting oppositional materials. Id. at syllabus. In order for a local rule to be deemed sufficient to provide the parties notice of the summary judgment submission date, it must "complement Civ.R. 56's basic structure and not contradict it." Id. at ¶ 29. A rule that specifies both the deadline for filing a response to a motion for summary judgment and the date the matter will be deemed submitted to the judge leaves less room for uncertainty and better achieves the goal of providing sufficient notice. Id. at ¶ 38.
 {¶ 17} Here, Nourse claims that Ross County Local Rule 11.01 provided Duffy with sufficient notice of the deadline for her responsive brief and the submission date for the motion. Local Rule 11.01 provides:
All motions not otherwise provided for herein shall be accompanied by a brief stating the grounds therefore and citing the authorities relied upon. The opposing counsel or a party may file an answer brief by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first day following the day on which such motion was filed; the motion shall then be deemed submitted to the judge to whom the case is assigned, unless a different schedule is ordered by the Court. * * * This rule shall apply to all motions, including motions for a new trial and motions for judgment notwithstanding the verdict, except as otherwise provided herein.
This rule does not contradict the requirements of Civ.R. 56(C). Additionally, the rule explicitly identifies both: (1) the deadline for filing a memorandum opposing summary judgment, and (2) the date when the motion is deemed submitted to the court for decision.
 {¶ 18} Duffy contends that Local Rule 11.01 did not provide her with sufficient notice for three reasons. First, she notes that Local Rule 11.01 does not explicitly mention summary judgment motions, and therefore is not sufficient to provide notice of the filing deadline. We disagree. Local Rule 11.01 explicitly applies to "all motions," and Duffy has not identified any reason one might have believed that summary judgment motions are not included within the scope of "all motions."
 {¶ 19} Next, Duffy contends that Local Rule 11.01 does not provide sufficient notice because it does not contain an explicit reference to deadlines for the submission of evidentiary materials. However, while the rule does not explicitly mention evidentiary materials, it does identify the date on which the motion "shall be deemed submitted to the judge." Thus, the rule implicitly identifies the deadline for submission of evidentiary materials. Moreover, by identifying both the deadline for oppositional memorandum and the date of submission, the rule provides the clarity elements that the Hooten court identified as important factors for determining the sufficiency of notice provided by a local rule.
 {¶ 20} Finally, Duffy contends that the local rule did not provide sufficient notice in her particular case because the trial court's November 2004 scheduling order specified a date for non-oral hearing on dispositive motions. Specifically, the November 2004 scheduling order stated that all parties had until March 1, 2005 to file dispositive motions, and that non-oral hearing on any such motion was set for April 1, 2005. The trial court extended the deadline for dispositive motions until March 21, 2005, but did not include language or issue a separate entry specifying when it would hold a non-oral hearing on any such motions. Duffy contends that, because the trial court initially departed from the deadlines set by Local Rule 11.01, it had to specify in its judgment entry enlarging Nourse's time that it intended for Local Rule 11.01 to apply.
 {¶ 21} While we agree that the better practice is to file an entry establishing an explicit date for submission of the motion for summary judgment, we cannot find that the trial court erred in failing to do so here.
 {¶ 22} First, we note that the November 2004 scheduling order did not set a timeline for filing oppositional memoranda. Therefore, even under the original scheduling order, Duffy was required to look to Local Rule 11.01 to learn that her memorandum in opposition was due fourteen days after Nourse filed its motion for summary judgment. This deadline, dependant upon the date that Nourse filed its motion, remained consistent regardless of the court's scheduling order. Thus, Duffy had the same notice before and after the trial court granted Nourse's motion for an extension of time regarding when her memorandum in opposition was due.
 {¶ 23} Moreover, we note that Local Rule 11.01 provides notice of the applicable deadlines "unless a different schedule is ordered by the court." Thus, in the absence of a relevant scheduling order, Duffy should have looked to the local rule. Finally, while the original scheduling order set the date for non-oral hearing a full month, instead of a mere twenty-one days, after the filing of the motion for summary judgment, we note that the trial court did not rule on Nourse's motion until April 25, 2005, more than a full month after Nourse's March 21, 2005 motion. Duffy had ample time to inquire about a scheduling order if she felt the deadlines were unclear.
 {¶ 24} Because we find that Local Rule 11.01 provided Duffy with sufficient notice of the submission deadlines for summary judgment materials in this case, we overrule her second assignment of error. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] We note that after a trial court issues a final, appealable order, a motion for reconsideration of that final order is a nullity, and any judgment entered on such motion is also a nullity. Pitts v. Ohio Dept. of Trans. (1981),67 Ohio St.2d 378, 379; Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267.