DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Common Pleas Court summary judgment in favor of Columbus Southern Power Company, defendant below and appellee herein. Timothy Nelson Deem and Stefanie Deem, plaintiffs below and appellants herein, raise the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE REGARDING DEFENDANT'S NON-COMPLIANCE *Page 2 
 WITH THE NATIONAL ELECTRIC SAFETY CODE BY FAILING TO INSTALL AND MAINTAIN REFLECTIVE SLEEVES ON THE POWER POLE GUY WIRES LOCATED MERE FEET FROM PLAINTIFFS' PARKING AREA AND DRIVEWAY."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING-ORAL OR NONORAL-PRIOR TO GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFF."
 {¶ 2} On April 19, 2002, appellant[1] suffered injuries while riding an all-terrain vehicle (ATV) on his property. He collided with a guy wire[2] supporting an electric pole that appellee owned.
 {¶ 3} On July 7, 2006, appellants re-filed a complaint against appellee and alleged that appellee negligently: (1) failed to construct and place its equipment on the property; (2) failed to reflectorize the guy wires; (3) failed to inspect the guy wires on a regular basis to determine if it was safe for persons passing in the area; (4) failed to have a policy or procedure for maintenance and inspection; and (5) failed to follow any policy or procedure. The complaint also contained a loss of consortium claim on behalf of Stefanie.
 {¶ 4} On December 29, 2006, appellee requested summary judgment and asserted that no genuine issues of material fact remained regarding whether: (1) it owed appellant a duty to protect him from the guy wire; (2) it breached any duty; and (3) its actions proximately caused the accident. Appellee further *Page 3 
argued that appellant's negligence far outweighed any negligence on its part. The trial court granted appellee summary judgment and this appeal followed.
 I {¶ 5} In their first assignment of error, appellants assert that the trial court erred by granting appellee summary judgment. Specifically, appellants claim that genuine issues of material fact remain regarding whether appellee fulfilled its duty to appellant.
 {¶ 6} Appellee asserts that although appellants' argument centers upon whether it met the standard of care, they cannot establish that it owned appellant a duty. Appellee argues that it had no duty to protect appellant from the danger associated with the guy wires because he knew of the guy wires and because the danger was open and obvious.
 {¶ 7} When appellate courts review trial court summary judgment decisions, the appellate courts conduct a de novo review. See, e.g.,Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine whether summary judgment is appropriate and need not defer to trial court decisions. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786. Thus, to determine whether a trial court properly granted summary judgment, an appellate court must review the Civ.R. 56 standard for a summary *Page 4 
judgment, as well as the applicable law. Civ.R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, trial courts may not grant summary judgment unless the evidentiary materials demonstrate that (1) no genuine issue as to any material fact remains to be litigated; (2) after the evidence is construed most strongly in the nonmoving party's favor, reasonable minds can come to but one conclusion which is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. See, e.g.,Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 8} In responding to a motion for summary judgment, a nonmoving party may not rest on "unsupported allegations in the pleadings."Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46. Rather, Civ.R. 56 requires a nonmoving party to respond with competent evidence to demonstrate the existence of a genuine issue of material fact. Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by *Page 5 
affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once a moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or Civ.R. 56(C) evidence, that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise, with specific facts to show that a genuine issue exists for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264;Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48,52, 567 N.E.2d 1027. Additionally, when ruling on a summary judgment motion, a trial court may not weigh the evidence or choose among reasonable inferences. Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 121, 413 N.E.2d 1187; Johnson v. Pohlman, 162 Ohio App.3d 240,2005-Ohio-3554, 833 N.E.2d 313, at ¶ 37. Rather, the court must evaluate the evidence, take all permissible inferences, and resolve questions of credibility in favor of the non-moving party. Id.
 {¶ 9} To survive a properly supported summary judgment motion in a negligence action, a plaintiff must establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., Texler v. D.O. SummersCleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217; Jeffers v.Olexo (1989), *Page 6 43 Ohio St.3d 140, 142, 539 N.E.2d 614; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence to illustrate that the plaintiff will be unable to prove any one of the foregoing elements, and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. SeeFeichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394, 642 N.E.2d 657;Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 443 N.E.2d 532.
 {¶ 10} In the case at bar, assuming for purposes of argument that genuine issues of material fact remain regarding the duty[3] *Page 7 
and breach elements, we believe that no genuine issues of material fact exist regarding the proximate cause element. As we explain below, reasonable minds could only conclude that appellant's negligence in failing to protect himself against a known risk far exceeded appellee's negligence. Thus, even if appellee was negligent, under comparative negligence principles applied to the facts in the case sub judice appellant cannot recover. Therefore, the trial court properly granted appellee summary judgment.
 {¶ 11} Ohio's former comparative negligence statute, R.C.2315.19(A)(2),[4] provided:
 Contributory negligence or implied assumption of the risk does not bar [the complainant] from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence or implied assumption of the risk of the complainant * * * was no greater than the combined negligence of all other persons from whom the complainant seeks recovery. However, any compensatory damages recoverable by the complainant shall be diminished by an amount that is proportionately equal to the percentage of negligence or implied assumption of the risk of the complainant * * *, which percentage is determined pursuant to division (B) of this section.
"Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. [Former] R.C. *Page 8 2315.19(B). A plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants. [Former] R.C. 2315.19(A)(2)." Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 646, 597 N.E.2d 504.
 {¶ 12} "Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." Id. "Although issues of contributory and comparative negligence are usually determined by the trier of fact, "`summary judgment may be appropriate under the comparative negligence statute where, after construing the evidence most strongly in plaintiff's favor, a reasonable person could only conclude that plaintiff's negligence was greater than the negligence of defendant.'" Scassa v. Dye, Carroll App. No. 02CA779, 2003-Ohio-3480, at ¶ 72, quoting Collier v. NorthlandSwim Club (1987), 35 Ohio App.3d 35, 39, 518 N.E.2d 1226. Thus, a trial court may grant a defendant summary judgment when the court determines, as a matter of law that the plaintiff's own negligence outweighed any negligence of the defendant. See Gross v. Werling (Sept. 30, 1999), Auglaize App. No. 2-99-06. As we explained in Earles v. Smith (July 6, 2000), Lawrence App. No. 99CA28:
 "[W]eighing the respective negligence of a plaintiff and a defendant is a difficult task and should generally be within the province of a jury. However, if a defendant is not negligent or if the plaintiff's negligence clearly outweighs any negligence of the defendant (i.e. the situation we have here before us in the case sub judice), the granting of a summary judgment is entirely appropriate."
 {¶ 13} Contributory negligence is defined as "any want of *Page 9 
ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred." Brinkmoeller v. Wilson (1975),41 Ohio St.2d 223, 226, 325 N.E.2d 233. "[O]ne who has knowledge of a dangerous situation may not disregard it and, if he does so, is chargeable with contributory negligence." Jacques v. Dayton Power Light Co. (1947), 80 Ohio App. 258, 267, 74 N.E.2d 211.
 {¶ 14} In Crevling v. Dayton Power Light Co. (Jan. 14, 1985), Logan App. No 8-83-27, the court held that the decedent was contributorily negligent when he was "fully aware of the existence of all of the [electrical] wires in the tress," but nonetheless chose to climb a ladder near the wires. The court determined that the defendants' negligence "could not as a matter of law be a proximate cause of the decedent's death because the decedent was fully aware of the existence, location, and possible concealment of the wires * * *."
 {¶ 15} In Talbott v. Columbus Southern Ohio Elec. Co. (Oct. 9, 1987), Meigs App. No. 383, we concluded that the trial court erred by failing to find that the decedent's negligence exceeded any negligence on the defendant's part. In Talbott, the decedent was electrocuted when he contacted a sagging power line. We stated: "The decedent clearly comprehended the dangerous character of the sagging electric wires. Testimony at trial revealed the decedent, through his oil and gas drilling business, knew the dangers inherent in electric lines. The decedent warned *Page 10 
people at the scene that the wires were hot. The decedent acknowledged to his friend that the wires were hot. The decedent voluntarily traveled near the wires and, through his own unfortunate negligence, accidently contacted the wires."
 {¶ 16} In the case at bar, we believe that the evidence reveals that appellant's negligence far outweighs any negligence on appellee's part. Thus, reasonable minds can only conclude that appellant's negligence was greater than appellee's negligence. Like the injured parties in bothCrevling and Talbott, appellant knew of the danger: (1) he knew where the guy wires were located; (2) he stated that he drove by them at least twice per day while driving up and down his driveway; (3) he mowed the lawn and trimmed the weeds around the guy wires; and (4) he rode his ATV in the general area of the pole and guy wires on a regular basis. Appellant admitted that he simply forgot about the guy wires when he drove his ATV into them and that he was going too fast to stop once he saw them. Because, as a matter of law, appellant's contributory negligence exceeds any negligence on appellee's part, appellant may not recover. Thus, even if we assume that genuine issues of material fact remain regarding whether appellee owed appellant a duty and breached that duty, no genuine issues of material fact remain regarding proximate cause and appellant's contributory negligence. Therefore, the trial court properly granted appellee summary judgment.
 {¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error. *Page 11 
 II {¶ 18} In their second assignment of error, appellants assert that the trial court erred by granting appellee summary judgment without holding any type of hearing. Appellants' argument is without merit.
 {¶ 19} We explored a similar issue in Duffy v. Nourse Family ofDealerships-Chillicothe, Inc., Ross App. No. 05CA2846, 2006-Ohio-2057, at ¶¶ 15-16, and stated:
 "Civ.R. 56 sets forth the general procedure through which summary judgment motions are considered, while case law and local rules may delineate additional procedures. Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, at ¶ 13. In particular, Civ.R. 56(C) permits a party to move for summary judgment `at least fourteen days before the time fixed for hearing[,]' and permits the nonmoving party to file opposing materials `prior to the day of hearing.' The Ohio Supreme Court has held that Ohio law `requires, as a matter of due process, that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion or of the date on which the motion is deemed submitted for decision.' Hooten at ¶ 17. Civ.R. 56 `s procedural requirements are designed to ensure that summary judgment is granted only after all parties have had a fair opportunity to be heard. Id. at ¶ 34, citing Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraphs one and two of the syllabus.
 `A trial court's better practice is to schedule an explicit cutoff date for submission of materials on the motion for summary judgment and to set a date for any hearing.' Hooten at ¶ 35. However, if a local rule of court provides sufficient notice of the hearing date or submission deadlines, a trial court is not required to provide the parties with explicit notice of the date on which a motion for summary judgment is to be considered or the deadline for submitting oppositional materials. *Page 12 
Id. at syllabus. In order for a local rule to be deemed sufficient to provide the parties notice of the summary judgment submission date, it must `complement Civ.R. 56's basic structure and not * * * contradict it.' Id. at ¶ 29. A rule that specifies both the deadline for filing a response to a motion for summary judgment and the date the matter will be deemed submitted to the judge leaves less room for uncertainty and better achieves the goal of providing sufficient notice. Id. at ¶ 38."
We further explained in Barstow v. Waller, 4th Dist. No. 04CA5,2004-Ohio-5746, at ¶ 51, that "[a]lthough Civ.R. 56 makes reference to a hearing, the rule does not require an oral hearing on every motion for summary judgment. * * * Rather, the hearing contemplated by Civ.R. 56 may involve as little as the submission of memoranda and evidentiary materials for the court's consideration. * * * If a party desires an oral hearing on a motion for summary judgment, the party must request such a hearing." (citations omitted).
 (¶ 20} In the instant case, Meigs County Local Rule 10.01 provided appellants with notice that the court would consider appellee's summary judgment motion pursuant to a non-oral hearing and indicated that when that hearing would occur. The rule states:
 All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. The opposing party may file an answer brief by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first calendar day after *Page 13 
the motion was filed. Thereafter, the motion shall be submitted for non-oral hearing. An oral hearing is permitted only upon written request and leave of Court at a time to be set by the Court. * * * *
The local rule meets the requirements of Hooten, which permits non-oral hearings, and comports with Civ.R. 56. The rule states that after the time has passed for the filing of a reply brief, i.e., twenty-one days after the moving party files its motion, the matter is deemed submitted for a non-oral hearing. The rule identifies the date upon which an opposing memorandum is due and also the date upon which the matter is submitted for a non-oral hearing. Under Hooten, this language constitutes sufficient notice of a non-oral hearing. Therefore, appellants' assertion that the court failed to hold any type of a hearing is meritless.
 {¶ 21} Accordingly, based upon the foregoing reasons, we overrule appellants' second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 14 
McFarland, P.J., Abele, J., Kline, J.: Concur in Judgment Opinion
[1] The singular use of "appellant" in this opinion refers to Timothy Nelson Deem, unless otherwise indicated.
[2] Guy wires are unelectrified cables that usually run down at an angle from a connection point near the top of an electric pole and into an anchor in the ground.
[3] Appellee contends that the open and obvious doctrine relieves it of a duty in the case sub judice. We find applying this doctrine to the facts in the case at bar problematic. First, we question whether applying the open and obvious doctrine would run afoul of the Ohio Supreme Court's holding "that a public utility is required to exercise the highest degree of care." Otte v. Dayton Power Light Co. (1988),37 Ohio St.3d 33, 38, 523 N.E.2d 835; Hetrick v. Marion-Reserve PowerCo. (1943), 141 Ohio St. 347, 48 N.E.2d 103, paragraph two of the syllabus. Moreover, the open and obvious doctrine generally applies in determining a landowner's duty to an invitee. See, generally,Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088, syllabus; Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph one of the syllabus; Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642, 645, 597 N.E.2d 504 (stating that the "open and obvious" doctrine is premised on the defendant having a "property right and power to admit or exclude persons as invitees"). In the case sub judice, the status of the parties was not landowner-invitee.
Instead, appellee had an easement on appellant's property. Additionally, the Ohio Supreme Court has stated that the open and obvious doctrine, when considered under the threshold question of duty, concerns the nature of the danger and not the plaintiff's conduct in encountering the danger. See Armstrong, 99 Ohio St.3d at 82 ("By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff").
In the instant case, much of appellee's argument under the duty element focuses on appellant's unreasonableness in encountering the danger. We, however, address this issue under the proximate cause element. See Armstrong.
[4] Former R.C. 2315.19 governs cases accruing prior to April 9, 2003. *Page 1