[Cite as *Hawkins v. World Factory, Inc.*, 2012-Ohio-4579.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NICKI HAWKINS, ET AL. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. CT2012-0007 |
| WORLD FACTORY, INC., ET AL. | |
| Defendants-Appellees | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CC2011-0097 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 27, 2012 |
| APPEARANCES: | |


| For Plaintiffs-Appellants | For Defendants-Appellees |
|---|---|
| MILES D. FRIES | MATTHEW L. SCHRADER |
| Gottlieb, Johnson, Beam & Dal Ponte | Reminger Co., L.P.A. |
| 320 Main Street, PO. Box 190 | 65 East State Street, 4th Floor |
| Zanesville, Ohio 43702-0190 | Columbus, Ohio 43215 |

*Hoffman, J.*

{¶1}   Plaintiffs-appellants Nicki Hawkins and Mark Hawkins appeal the February 1, 2012 Judgment Entry entered by the Muskingum County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees World Factory, Inc. and Kmart.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On or about July 2, 2008, Nicki Hawkins purchased a wheelbarrow from Appellee Kmart.  Said wheelbarrow was manufactured by China-based Qingdao Taifa Group Co., Ltd., and distributed by Appellee World Factory.  Nicki Hawkins brought the wheelbarrow home and her husband, Mark Hawkins, unloaded it from her vehicle and began to assemble it.  Nicki Hawkins proceeded to a gas station to inflate the wheelbarrow tire.  She inserted the air hose onto the tire valve with her right hand and held the tire with her left hand.  Within seconds, the tire exploded.  Nicki Hawkins suffered injuries as a result.

{¶3}   On February 4, 2011, Appellants filed a Complaint against Appellees, alleging claims of products liability and loss of consortium.  Appellants did not name the manufacturer, Qingdao Taifa Group Co., Ltd., as a defendant.   Appellants averred, "World Factory, Inc. and Kmart are liable for compensatory damages as if they were the manufacturer of the product because the manufacturer is not subject to judicial process in Ohio." Complaint at para. 19.  In separate Answers filed on March 8, 2011, Appellees asserted general denials and numerous affirmative defenses.

{¶4}   Appellees filed a joint Motion for Summary Judgment on November 3, 2011.  Therein, Appellees argued Appellants could not establish a prima facie case for

supplier liability pursuant to R.C. 2307.78(B); the potential dangers associated with overinflating the tire were open and obvious; Appellants assumed the risk; and there were no genuine issues of material fact as to Appellants' claims of defective design and manufacture. Appellants filed a memorandum contra on November 23, 2011. Via Judgment Entry filed February 1, 2012, the trial court granted Appellees' motion for summary judgment on all issues and claims.

{¶5} It is from this judgment entry Appellants appeal, asserting the following propositions of law:

{¶6} "A SUPPLIER OF A PRODUCT IS LIABLE ON A PRODUCT LIABILITY CLAIM AS IF IT WERE THE MANUFACTURER WHEN THE MANUFACTURER IS NOT SUBJECT TO JUDICIAL PROCESS IN OHIO AND THE SUPPLIER MARKETED THE PRODUCT UNDER ITS OWN NAME.

{¶7} "SUMMARY JUDGMENT ON A PRODUCTS LIABILITY CLAIM CANNOT BE GRANTED TO DEFENDANTS WHEN PLAINTIFF'S EXPERT OPINES TO A REASONABLE DEGREE OF SCIENTIFIC PROBABILITY THAT THE PRODUCT WAS DEFECTIVE IN MANUFACTURE OR DESIGN.

{¶8} "THE ADEQUACY OF A WARNING IS AN ISSUE THAT SHOULD BE PRESENTED TO A JURY.

{¶9} "KNOWLEDGE OF A POTENTIAL DANGER IS NECESSARY IN ORDER FOR ASSUMPTION OF THE RISK TO APPLY."

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.

*Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

**{¶11}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

**{¶12}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the

moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I

**{¶13}** In their first proposition of law, Appellants challenge the trial court's granting summary judgment in Appellees' favor on the issue of supplier liability.

**{¶14}** R.C. 2307.78(B) provides, in pertinent part:

"(B) A supplier of a product is subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code, as if it were the manufacturer of that product, if the manufacturer of that product is or would be subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code and any of the following applies:

"(1) the manufacturer of that product is not subject to judicial process in this state."

"(2) The claimant will be unable to enforce a judgment against the manufacturer of that product due to actual or asserted insolvency of the manufacturer;

"(3) The supplier in question owns or, when it supplied that product, owned, in whole or in part, the manufacturer of that product;

"(4) The supplier in question is owned or, when it supplied that product, was owned, in whole or in part, by the manufacturer of that product;

"(5) The supplier in question created or furnished a manufacturer with the design or formulation that was used to produce, create, make, construct, assemble, or rebuild that product or a component of that product;

"(6) The supplier in question altered, modified, or failed to maintain that product after it came into the possession of, and before it left the possession of, the supplier in question, and the alteration, modification, or failure to maintain that product rendered it defective;

"(7) The supplier in question marketed that product under its own label or trade name;

"(8) The supplier in question failed to respond timely and reasonably to a written request by or on behalf of the claimant to disclose to the claimant the name and address of the manufacturer of that product."

{¶15} Appellants submit Appellees failed to produce any evidence to establish any of the requirements of Ohio's Long Arm Statute apply to the manufacturer. Appellants conclude, because the trial court does not have jurisdiction over the manufacturer, the manufacturer is not subject to judicial process and Appellees are liable as the suppliers of the wheelbarrow under R.C. 2307.78(B)(1).

{¶16} The term "judicial process," as it appears in R.C. 2307.78(B)(1), is not readily defined by any provision of the Revised Code. Ohio appellate courts interpreting

the term have found judicial process akin to personal jurisdiction. See, *Evans v. Mellott Mfg. Co.,* (June 15, 2000), 4th Dist.App. No. 98CA838.

**{¶17}** Despite Appellants' assertion to the contrary, we find Appellants had the burden of establishing the manufacturer was not subject to judicial process.[1] The manufacturer not being subject to judicial process is one of the elements of a claim of supplier liability. In their Complaint, Appellants simply allege the manufacture is not subject to judicial process. We find that statement alone is insufficient to withstand a motion for summary judgment.

**{¶18}** Appellants further assert World Factory is also subject to substituted liability pursuant to R.C. 2307.78(B)(7) because the wheelbarrow was marketed under World Factory's trade name. Specifically, Appellants claim World Factory marketed the wheelbarrow by issuing a limited warranty with the product.

**{¶19}** The warranty indicated the wheelbarrow was "Made in China" and "Distributed by: World Factory, Inc., Koppell, Texas 75019". We find the inclusion of the World Factory name as the distributor on the limited warranty material does not rise to the level of marketing of the wheelbarrow under World Factory's "own label or trade name" as contemplated by R.C. 2307.78(B)(7).

**{¶20}** Based upon the foregoing, we find World Factory is not subject to supplier liability under R.C. 2307.78(B)(7).

**{¶21}** Appellant's first proposition of law is overruled.

---

[1] We acknowledge lack of personal jurisdiction would be an affirmative defense as to the manufacturer's potential liability had it been joined as a party.

II, III, IV

**{¶22}** Having determined the trial court's granting summary judgment in Appellees' favor on the issue of supplier liability was appropriate, we find it is unnecessary to address Appellants' remaining propositions of law based upon the two-issue rule.

**{¶23}** Appellants' second, third, and fourth propositions of law are overruled as being moot.

**{¶24}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s./ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

NICKI HAWKINS, ET AL.                          :
                                               :
    Plaintiffs-Appellants                  :
                                               :
-vs-                                           :          JUDGMENT ENTRY
                                               :
WORLD FACTORY, INC., ET AL.                    :
                                               :
    Defendants-Appellees                   :          Case No. CT2012-0007


For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs to Appellants.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS