[Cite as *Blackmore v. S. Cent. Power Co.*, 2014-Ohio-2946.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARGARET L. BLACKMORE, EXE. AND ADMIN. OF THE ESTATE OF JACOB GUISINGER | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 13-CA-54 |
| | : | |
| SOUTH CENTRAL POWER COMPANY | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Court
of Common Pleas, Case No. 2011 CV
270

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    June 26, 2014

APPEARANCES:

For Plaintiff-Appellant:

JOSEPH A. NIGH
JAMES P. TYACK
RYAN L. THOMAS
536 South High Street
Columbus, OH 43215

For Defendant-Appellee:

SCOTT A. CAMPBELL
JULIE GONZI DREHER
41 S. HIGH ST., SUITE 1700
COLUMBUS, OH 43215

*Delaney, J.*

{¶1}   Plaintiff-Appellant Adam R. Rinehart, as Executor and Administrator of the Estate of Jacob Guisinger, appeals the July 2, 2013 judgment entry of the Fairfield County Court of Common Pleas memorializing the June 10, 2013 judgment entry granting summary judgment in favor of Defendant-Appellee South Central Power Company. Adam R. Rinehart was substituted for Margaret L. Blackmore as the Executor and Administrator of the Estate.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Michael and Karen Guisinger resided on 20 acres of property located in Fairfield County. Plaintiff-Appellee South Central Power Company had an easement on the property for overhead power lines. At some point prior to December 18, 2006, Michael Guisinger became aware that a tree on his property had fallen on an overhead power line, but he did not inform South Central of the fallen tree. The tree that fell was originally rooted 24 feet outside of the South Central right-of-way. The power line the tree fell on was energized, but the parties did not observe it crackle or sizzle while it touched the fallen tree. South Central performed inspections of its facilities and rights-of-way in 1986, 1996, and September 2006.

{¶3}   On December 18, 2006 at approximately 3:30 p.m., Michael Guisinger's fifteen-year-old son, Jacob, took their dog for a walk on the property. Jacob walked the dog on a leash. Later that day, Michael Guisinger found the dog without Jacob. The dog was not wearing its leash. Michael Guisinger searched the property and sadly, he found Jacob's body lying near the fallen tree and the overhead power line. Jacob had been

electrocuted; the electric current entered his right hand and exited through his right foot. Michael Guisinger saw the nylon dog's leash hanging from the overhead power line.

{¶4} There were no witnesses to what occurred to Jacob when he encountered the power line, but based on the evidence of the scene, plaintiff and defense experts agreed that Jacob attempted to disengage the energized power line from the fallen tree. The overhead, energized power line was approximately 14.5 feet in the air onto which the tree had fallen. The stump of the fallen tree was approximately 48-50 feet from the line. An un-energized neutral line was 10 feet and 3 inches above the ground with the tree fragment resting on it. The energized power line was thin in width and black-colored. Jacob used the downed tree fragment as a lever to force the energized power line down from 14.5 feet to some point close enough for him to throw the six-foot-long nylon dog leash over the energized power line. At that point, he passed the clasp of the dog leash back through the handle of the leash to fashion a lasso around the power line. It was then believed that Jacob used his right hand to hold the energized power line, possibly to remove the dog leash. Because Jacob was grounded, the electric current of the energized power line passed through his body and killed him instantly.

{¶5} On December 17, 2008, Plaintiff-Appellant Adam R. Rinehart, as Executor and Administrator of the Estate of Jacob Guisinger ("the Estate") filed a wrongful death action against South Central. The Estate voluntarily dismissed the complaint on March 17, 2010. The Estate refiled the complaint on March 9, 2011. In its re-filed complaint, the Estate alleged six claims: wrongful death, negligence per se, respondeat superior, negligent infliction of emotional distress, and failure to warn. South Central filed a motion for summary judgment on all claims. On June 10, 2013, the trial court issued a

thoroughly analyzed decision granting judgment as a matter of law in favor of South Central. The trial court issued its final judgment on July 2, 2013.

{¶6}   It is from this decision the Estate now appeals.

## ASSIGNMENTS OF ERROR

{¶7}   The Estate raises six Assignments of Error:

{¶8}   "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE ON WHETHER OR NOT THE INCIDENT IN THIS CASE WAS FORESEEABLE.

{¶9}   "II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE ON THE ISSUE OF WHETHER OR NOT THE OVERHEAD ELECTRIC LINE WAS OPEN AND OBVIOUS.

{¶10} "III. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN IT DETERMINED THAT JACOB GUISINGER ASSUMED THE RISK OF ELECTROCUTION.

{¶11} "IV. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN IT DETERMINED THAT JACOB GUISINGER'S DEATH WAS PROXIMATELY CAUSED BY HIS OWN ACTIONS.

{¶12} "V. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN IT DETERMINED JACOB GUISINGER'S OWN CONTRIBUTORY NEGLIGENCE WAS FATAL TO ANY CLAIM ASSERTED BY THE ESTATE.

{¶13} "VI. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN IT DETERMINED JACOB GUISINGER WAS A TRESPASSER ON SOUTH CENTRAL'S OVERHEAD ELECTRIC FACILITIES."

**ANALYSIS**

STANDARD OF REVIEW

{¶14} The Estate argues in its six Assignments of Error that the trial court erred in granting summary judgment in favor of South Central. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment, which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶15} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d

264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## NEGLIGENCE

{¶17} As the trial court noted, the Estate's claims all sound in negligence. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Mulcahy v. Best Buy Stores, LP*, 5th Dist. Delaware No. 13CAE060051, 2014-Ohio-1163, ¶ 15 citing *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

## I. -- Foreseeability

{¶18} The Estate argues in the first Assignment of Error that the trial court erred in finding that reasonable minds could only conclude that incident in this case was not foreseeable. We disagree.

{¶19} In *Brockman v. Bell*, 78 Ohio App.3d 508, 605 N.E.2d 445 (1992), the First District Court of Appeals observed that civil liability for negligence is predicated upon injury caused by the failure to discharge a duty recognized in law and owed to the injured party. The existence of a duty depends on the foreseeability of the injury. The

test for foreseeability is whether a reasonably prudent person, under the same or similar circumstances, should have anticipated that injury to another was the probable result of his performance or nonperformance of an act. *Mashburn v. Dutcher*, 5th Dist. Delaware No. 12 CAE 010003, 2012-Ohio-6283, ¶ 40.

{¶20} The Estate argues there is a genuine issue of material fact whether the injury to Jacob was foreseeable because the power line that caused the injury was hanging low or capable of being lowered because of the fallen tree. The Estate contends the injury was foreseeable because a pedestrian could come in contact with the lowered power line.

{¶21} Under Ohio law, a power company is required to exercise the highest degree of care in the construction, maintenance, and inspection of its equipment consistent with the practical operation of its business. *Otte v. Dayton Power & Light Co.*, 37 Ohio St.3d 33, 38, 523 N.E.2d 835 (1998); *Fortman v. Dayton Power & Light Co.*, 80 Ohio App.3d 525, 529, 609 N.E.2d 1296 (2nd Dist.1992). However, a power company is not liable to one injured as the result of some unusual occurrence that cannot fairly be anticipated or foreseen and is not within the range of reasonable probability. *Hetrick v. Marion-Reserve Power Co.*, 141 Ohio St. 347, 48 N.E.2d 103 (1943), paragraph three of the syllabus, criticized on other grounds in *Lazar v. Cleveland Elec. Illuminating Co.*, 43 Ohio St.2d 131, 139, 331 N.E.2d 424 (1975); *Dolata v. Ohio Edison Co.*, 2 Ohio App.3d 293, 294, 441 N.E.2d 837 (9th Dist.1988). In other words, a power company is not by law required to anticipate all conceivable circumstances whereby members of the public might injure themselves. *Id. Lanese v. The CBK Corp.*, 8th Dist. No. 71792, 1997 WL 565964, *2 (Sept. 11, 1997).

{¶22} In its argument that the injury to Jacob was foreseeable thereby creating a duty for South Central, the Estate refers this Court to a case where a child climbed a tree and was electrocuted by a high voltage power line near the tree. The 9th District Court of Appeals affirmed a jury verdict in favor of the deceased child's estate. The court held that, "[t]he propensity of youngsters to climb and play in trees is a propensity of which power companies must take cognizance and which renders possible injury to the child who comes into contact with power lines a reasonably anticipated fact." *Dolata v. Ohio Edison Co.*, 2 Ohio App.3d 293, 293, 441 N.E.2d 837 (9th Dist.1981).

{¶23} Under the facts of this case, we agree with the trial court's conclusion that reasonable minds could only conclude that the injury to Jacob was not foreseeable by South Central. In this case, Jacob was not a pedestrian who stumbled into the lowered power line nor was he a child climbing a tree. The experts for both sides agree with the theory that Jacob used the fallen tree as a lever to bring the electric line close enough for Jacob to throw the dog leash over it. Jacob then used the dog leash to get the wire out from under the tree. The experts theorized that Jacob tried to remove the dog leash from the power line and Jacob touched the energized power line with his right hand, electrocuting him.

{¶24} We find there is no genuine issue of material fact that Jacob's use of the tree and the dog leash to manipulate the power line so that Jacob touched the power line causing his electrocution was an unusual occurrence that could not fairly be anticipated or foreseen and was not within the range of reasonable probability. Because the injury was not foreseeable, there was no duty on the part of South Central to anticipate the injury.

{¶25} The Estate's first Assignment of Error is overruled.

## IV. – Proximate Cause

{¶26} The Estate also contends the trial court erred in determining that reasonable minds could only conclude that Jacob's actions in manipulating the power line with the fallen tree and the dog leash were the proximate causes of his death. To survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. *Deem v. Columbus Southern Power Co.*, 4th Dist. Meigs No. 07CA6, 2007-Ohio-4404, ¶ 9 citing *Texler v. D.O. Summer Cleaners*, 81 Ohio St.3d 677, 680, 693 N.E.2d 217 (1998); Jeffers v. Olexo, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989); *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984). "If a defendant points to evidence to illustrate that the plaintiff will be unable to prove any one of the foregoing elements, and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law." *Deem supra*, at ¶ 9 citing *Feichtner v. Cleveland*, 95 Ohio App.3d 388, 642 N.E.2d 657 (8th Dist.1994).

{¶27} The Ohio Supreme Court attempted to define the term "proximate cause:"

The term 'proximate cause" is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some

other act unites with the original act to cause injury does not relieve the

initial offender from liability.

*Clinger v. Duncan,* 166 Ohio St. 216, 222, 141 N.E.2d 156 (1957). "It is because what

constitutes a 'natural and continuous sequence' is insusceptible of determination other

than in the context of a particular case[,] * * * the issue of proximate cause is ordinarily

one for determination by the jury." *Ornella v. Robertson,* 14 Ohio St.2d 144, 151, 237

N.E.2d 140 (1968). "However, where reasonable minds could not differ with respect to

the matter because the circumstances clearly indicate an obvious cause and effect

relationship, the issue may be determined as a matter of law." *Id.; Waugh v. Chakonas,*

9th Dist. Nos. 25417, 25480, 2011–Ohio–2764, ¶ 16. *Jackovic v. Webb*, 9th Dist.

Summit No. 26555, 2013-Ohio-2520, ¶ 8.

{¶28} The Estate argues South Central's failure to properly construct, maintain,

or inspect its equipment was the proximate cause of Jacob's death. South Central

argues Jacob's actions were the proximate causes of his death. There is no dispute of

fact that a tree from the Guisinger's 20-acre property fell on the power line. Michael

Guisinger was aware the tree had fallen on the power line, but it did not cause a

disruption in the power service. He did not inform South Central the tree had fallen on

the power line. The fallen tree was originally rooted 24 feet outside of the South Central

right of way. South Central conducted inspections on its facilities and rights-of-way in

1986, 1996, and September 2006. South Central standard right-of-way for single-phase

lines is 20 feet. The maintained right-of-way that existed at the location where the

accident occurred was 60 feet. South Central standards state that dead and leaning

trees outside the standard right-of-way footage are to be removed if determined to be a danger to the line.

{¶29} Immediately after the accident, South Central employees reported to the scene. The employees measured the height of the energized power line as 14 feet and 6 inches above the ground. The neutral line was 10 feet and 3 inches above the ground. The heights of the lines were measured with the fallen tree leaning on the lines. The National Electric Safety Code requires 14.5 feet of vertical clearance for an energized conductor and 9.5 feet for a neutral conductor in areas subject to pedestrian traffic.

{¶30} The Estate argues South Central's negligence of allowing the tree to lie on the energized power line was the proximate case of Jacob's injury. In its appellate brief, the Estate refers to the statement of one of South Central's experts who stated that a tree should not lie on a power line. However, the Estate does not point to any Civ.R. 56 evidence in its brief to support its contention of South Central's negligence such as South Central's failure to abide by its inspection or tree removal policies caused the tree to impermissibly remain on the power line.

{¶31} In this case, the fallen tree did not cause Jacob's death. The experts for both parties agree that Jacob climbed the fallen tree, used the tree as a lever to push the power lines down to a height he could reach them, and looped the dog leash around the energized power line. When Jacob tried to remove the dog leash from the energized power line, he touched the line with his right hand and was electrocuted. "Common knowledge dictates that contacting power lines poses a danger of electrocution." *Selvey v. Toledo Edison Co.*, 3rd Dist. Seneca No. 13-97-14, 1997 WL 638364, *3 (Oct. 10, 1997). A power company "owes a duty to maintain its lines, conductors and other

equipment in such a way that those who *rightfully* come into contact with such equipment will not be harmed." *Platt v. Cleveland Elec. Illum. Co.*, 11th Dist. Ashtabula No. 2009-A-0018, 2009-Ohio-7003, ¶ 32 citing *Parke v. Ohio Edison Co.,* 11th Dist. No.2004-T-0144, 2005-Ohio-6153, at ¶ 11. (Emphasis added.) This duty is predicated on proper notice to the power company of the potential for contact. *Id.* citing *Parke*, *supra* at ¶ 17. (Parallel citation omitted.)

{¶32} We concur with the trial court's conclusion that reasonable minds could only conclude that South Central did not breach the standard of care so that Jacob's injury was the proximate cause of that breach. There is no genuine issue of material fact that in this case, the fallen tree on the power line was not a negligent act and Jacob's electrocution was not a natural and continuous sequence of that act.

{¶33} The Estate's fourth Assignment of Error is overruled.

## II., III., V., and VI.

{¶34} The trial court also found that South Central was entitled to judgment as a matter of law on the Estate's claims of negligence based on the open and obvious doctrine, the assumption of the risk, contributory negligence, and trespass.

{¶35} As stated above, if a plaintiff is unable to show there is a genuine issue of material fact as to any of the elements of negligence, the negligence claim must fail as a matter of law. We determined that reasonable minds could only conclude that South Central did not have a duty to Jacob because the injury was not foreseeable and that South Central's actions were not the proximate cause of Jacob's injury.

{¶36} Having determined the trial court's granting of summary judgment in South Central's favor on the issue of duty and proximate cause was appropriate, we find it is

unnecessary to address the Estate's remaining Assignments of Error based on the two-issue rule. See *Hawkins v. World Factory, Inc.*, 5th Dist. Muskingum No. CT2012-0007, 2012-Ohio-4579, ¶ 22.

{¶37} The Estate's second, third, fifth, and sixth Assignments of Error are overruled as moot.

## CONCLUSION

{¶38} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, J., concur.